UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>SCHNITZER STEEL INDUSTRIES, INC.,<br><br>    *Defendant*. | Civil Action No.  1:22-cv-10604 |

## COMPLAINT

The United States of America ("United States"), by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### INTRODUCTION AND NATURE OF ACTION

1. This is a civil action against Schnitzer Steel Industries, Inc. ("Schnitzer" or "Defendant"), brought pursuant to Section 113(b) of the Clean Air Act ("CAA"), 42 U.S.C. § 7613(b), for violations of Title V of the CAA, 42 U.S.C. §§ 7671-7671q, and its implementing regulations at 40 C.F.R. Part 82, Subpart F, designed to protect stratospheric ozone from the effects of refrigerant emissions at recycling facilities.

2. By not complying with the CAA and its implementing regulations, Defendant has failed to protect stratospheric ozone and reduce the risks of climate change at 40 facilities identified in Exhibit A ("Facilities") located throughout the continental United States and Puerto Rico.  As such, Defendant's violations present serious health concerns.

3. Defendant accepts for recycling or other forms of disposal items containing metals, including without limitation refrigerators, freezers, portable air conditioners,

dehumidifiers, coolers, vending machines (collectively, "Small Appliances"), and motor vehicle air conditioners ("MVACs") and MVAC-like appliances, that contain or once contained ozone-depleting refrigerants or their substitutes, at its Facilities, including three Facilities in the Commonwealth of Massachusetts.

    4.    At these Facilities, Defendant has violated the CAA by (a) failing to recover refrigerants from Small Appliances, MVACs, and MVAC-like appliances (collectively, "Appliances") prior to scrap recycling, (b) failing to verify that all refrigerants had been properly recovered from such Appliances prior to their delivery to Defendant's Facilities, and/or (c) accepting signed refrigerant recovery statements or contracts from scrap material suppliers of such Appliances knowing or having reason to know that the signed statement or contract was false.

    5.    This Complaint seeks civil penalties and injunctive relief based on the violations at the Facilities.

## JURISDICTION AND VENUE

    6.    This Court has jurisdiction over the subject matter of this action under Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.  This Court has personal jurisdiction over Defendant, because it is a corporation doing business in the Commonwealth of Massachusetts and in this judicial district.

    7.    Venue is proper in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b), (c) and 1395(a), because a substantial part of the acts or omissions giving rise to the alleged violations in this Complaint occurred or are occurring at the Facilities located in this District.

## NOTICE

8. Notice of the commencement of this action was provided to the appropriate state air pollution control agencies for the Commonwealth of Massachusetts, the states of Alabama, California, Georgia, Hawaii, Maine, Montana, Nevada, New Hampshire, Oregon, and Washington, and Puerto Rico, under Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## AUTHORITY

9. The United States Department of Justice has authority to bring this action on behalf of EPA under, *inter alia*, Section 305(a) of the CAA, 42 U.S.C. § 7605(a), and 28 U.S.C. §§ 516 and 519.

## DEFENDANT

10. Defendant is a corporation organized under the laws of the State of Oregon and is, and was at all times relevant to this Complaint, the owner and operator of the Facilities.

11. Defendant is a "person" within the meaning of Sections 113(b) and 302(e) of the CAA, 42 U.S.C. §§ 7413(b) and 7602(e), and the applicable regulations promulgated under the CAA.

## GENERAL ALLEGATIONS

12. At each of its Facilities, Defendant accepts a wide variety of scrap materials on a daily basis, including commercial and household Appliances, for "recycling" or other forms of "disposal," as defined in 40 C.F.R. § 82.152.

13. The Appliances accepted by Defendant at its Facilities, referenced in Paragraphs 2 and 11, include "small appliances," "MVACs," and "MVAC-like appliances" containing "refrigerant" or its "substitute," as defined in 40 C.F.R. § 82.152.

14. The Appliances accepted at Defendant's Facilities are subject to the safe disposal requirements in 40 C.F.R. § 82.155.

15. Appliances collected by Defendant at its Facilities are loaded into trucks or moved with heavy equipment, such as cranes, front-end loaders, and forklifts, to other on-site locations for crushing, shredding, baling, separating, and sorting into metal and non-metal components (collectively, "Processing").

16. When Defendant's Facilities receive Appliances containing refrigerant not properly recovered as required under 40 C.F.R. § 82.155(a), Defendant's Processing of those Appliances releases or vents such refrigerant into the environment.

17. Defendant is a "scrap recycler" that takes the final step in the disposal process of the Appliances it receives at its Facilities and is a "final processor" of the Appliances under 40 C.F.R. § 82.155(b).

18. At each of the Facilities, Defendant must obtain from persons delivering Appliances to the Facility ("Suppliers") a written statement for each Appliance asserting that all refrigerant that had not leaked previously from the Appliance had been properly recovered, as required by 40 C.F.R. § 82.155(a). In lieu of such a statement, Defendant obtains from Suppliers what it calls a "Hazardous Materials Compliance Contract" or "HMCC."

**Attleboro, MA Facility**

19. On July 28, 2017, EPA inspected the Facility located at 136 Bacon Street, Attleboro, Massachusetts.

20. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

21. During the inspection, EPA inspectors observed Appliances with severed refrigerant lines and no evidence of proper refrigerant recovery, contrary to representations in the HMCCs that had been obtained by Defendant from Suppliers of these Appliances.

4

**Worcester, MA Facility**

22. On July 26, 2017, EPA inspected the Facility located at 20 Nippnapp Trail, Worcester, Massachusetts.

23. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers of Appliances to this Facility and observed that the HMCCs did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

24. During the inspection, EPA inspectors also observed Appliances with severed refrigerant lines and no evidence of proper refrigerant recovery, contrary to representations in the HMCCs obtained by Defendant from Suppliers of such Appliances.

**Auburn, ME Facility**

25. On July 27, 2017, EPA inspected the Facility located at 522 Washington Street, Auburn, Maine.

26. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

27. During the inspection, EPA inspectors observed Appliances that still contained refrigerant, and Appliances with severed refrigerant lines and no evidence of proper refrigerant recovery, contrary to representations in the HMCCs obtained by Defendant from Suppliers of these Appliances.

28. During the inspection, EPA inspectors also observed that this Facility had no refrigerant recovery system and no contract or agreement with a refrigerant recovery technician to recover refrigerant. Defendant thus had no means of recovering refrigerant from Appliances

containing refrigerant that Defendant received, and upon information and belief has not been recovering such refrigerant, at this Facility.

## Portland, ME Facility

29. On July 27, 2017, EPA inspected the Facility located at 568 Riverside St, Portland, Maine.

30. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

31. During the inspection, EPA inspectors observed Appliances that still contained refrigerant, and Appliances with severed refrigerant lines and no evidence of proper refrigerant recovery, contrary to representations in the HMCCs obtained by Defendant from Suppliers of these Appliances.

32. During the inspection, EPA inspectors also observed that this Facility had no refrigerant recovery system and no contract or agreement with a refrigerant recovery technician to recover refrigerant.  Defendant thus had no means of recovering refrigerant from any Appliances containing refrigerant that Defendant received, and upon information and belief has not been recovering any such refrigerant, at this Facility.

## Concord, NH Facility

33. On July 28, 2017, EPA inspected the Facility located at 25 Sandquist Street, Concord, New Hampshire.

34. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

### Manchester, NH Facility

35. On July 28, 2017, EPA inspected the Facility located at 20 Allard Drive, Manchester, New Hampshire.

36. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

### Bend, OR Facility

37. On November 3, 2017, EPA inspected the Facility located at 110 SE 5th Street, Bend, Oregon.

38. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

39. During the inspection, EPA inspectors observed Appliances with severed refrigerant lines and no evidence of proper refrigerant recovery, contrary to representations on the HMCCs obtained by Defendant from Suppliers of these Appliances.

### Eugene, OR Facility

40. On November 2, 2017, EPA inspected the Facility located at 111 State Highway 99 N, Eugene, Oregon.

41. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

### Portland, OR Facility

42. On November 2, 2017, EPA inspected the Facility located at 12005 North Burgard Road, Portland, Oregon.

43. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

### White City, OR Facility

44. On November 3, 2017, EPA inspected the Facility located at 2625 Avenue G, White City, Oregon.

45. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

### Tacoma, WA Facility

46. On November 1, 2017, EPA inspected the Facility located at 1902 Marine View Drive, Tacoma, Washington.

47. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

### Woodinville, WA Facility

48. On November 1, 2017, EPA inspected the Facility located at 3711 63rd Avenue SE, Woodinville, Washington.

49. During this inspection, EPA inspectors reviewed HMCCs that had been obtained by Defendant from Suppliers at this Facility and observed that they did not contain the name or address of any person who had recovered the refrigerant or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b).

50. During the inspection, EPA inspectors observed Appliances that still contained refrigerant, and Appliances with severed refrigerant lines and no evidence of proper refrigerant recovery, contrary to representations in the HMCCs obtained by Defendant from Suppliers of these Appliances.

51. During their inspection, EPA inspectors also observed that this Facility had no refrigerant recovery system for non-MVAC appliances, and no contract or agreement with a refrigerant recovery technician to recover refrigerant from such appliances. Defendant thus had no means of recovering refrigerant from non-MVAC appliances containing refrigerant that Defendant received, and upon information and belief has not been recovering such refrigerant, at this Facility.

## Other Facilities

52. Upon information and belief, including information on Defendant's multi-Facility patterns and practices collected by EPA inspectors during the inspections of the Facilities referenced in Paragraphs 18 through 51, and subject to a reasonable opportunity for further investigation and discovery, at all times relevant to this Complaint, HMCCs used by Defendant at all of its other Facilities have not contained the names or addresses of any persons who had recovered refrigerant from Appliances received by Defendant at these Facilities or any date of refrigerant recovery, as required by 40 C.F.R. § 82.155(b)(2).

### CLAIM 1: Failure to Verify Recovery
### Of Refrigerant From Appliances Delivered to the Facilities

53.   Paragraphs 1 through 52 are realleged and incorporated herein by reference.

54.   Since July 26, 2017, or earlier, Defendant has violated 40 C.F.R. § 82.155(b)(2) at each of the Facilities identified in Paragraphs 18 through 52, and upon information and belief, the other Facilities described in Paragraph 53, by failing to verify, using either (a) a signed statement containing all information required under 40 C.F.R. § 82.155(b)(2) or (b) a contract as required under 40 C.F.R. § 82.155(b)(2), that all refrigerant that had not leaked previously from Appliances received at the Facility, which Defendant did not itself recover, had been recovered from the Appliances prior to their receipt at the Facility.

55.   Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Defendant is liable for injunctive relief and civil penalties of up to $109,024 per day for each violation occurring after November 2, 2015, and assessed on or after January 12, 2022, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, 40 C.F.R. § 19.4 and 87 Fed. Reg. 1676-1679 (Jan. 12, 2022).

56.   Unless ordered otherwise this Court, these violations will continue.

### CLAIM 2: Failure to Recover Refrigerant From Appliances
### Delivered to the Facilities

57.   Paragraphs 1 through 55 are realleged and incorporated herein by reference.

58.   Dating from at least July 27, 2017, Defendant has violated 40 C.F.R. § 82.155(b)(1) by failing to recover refrigerant that was contained in Appliances delivered to its Facilities in Auburn and Portland, Maine, and Woodinville, Washington.

59.   Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Defendant is liable for injunctive relief and civil penalties of up to $109,024 per day for each violation occurring after November 2, 2015, and assessed on or after January 12, 2022, pursuant to the Federal Civil

Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, 40 C.F.R. § 19.4 and 87 Fed. Reg. 1676-1679 (Jan. 12, 2022).

60. Unless ordered otherwise by this Court, these violations will continue.

## CLAIM 3: Accepting False Refrigerant Recovery Verification Statements and Contracts

61. Paragraphs 1 through 59 are realleged and incorporated herein by reference.

62. Since July 26, 2017, or earlier, at Defendant's Facilities in Attleboro and Worcester, Massachusetts; Auburn, Maine; Bend, Oregon; Portland, Maine; and Woodinville, Washington, Defendant has violated 40 C.F.R. § 82.155(b)(2)(i) by accepting contracts or signed statements knowing or having reason to know that the signed statement or contract was false.

63. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Defendant is liable for injunctive relief and civil penalties of up to $109,024 per day for each violation occurring after November 2, 2015, and assessed on or after January 12, 2022, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, 40 C.F.R. § 19.4 and 87 Fed. Reg. 1676-1679 (Dec. 23, 2020).

64. Unless ordered otherwise by this Court, these violations will continue.

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations in Paragraphs 1 through 63 of this Complaint, the United States respectfully requests that this Court:

1. Permanently enjoin Defendant from operating its Facilities except in accordance with the CAA and all applicable federal regulations;

2. Order Defendant to correct its handling of refrigerants by, among other things, requiring Defendant to (a) recover refrigerant from intact Appliances, (b) verify proper refrigerant recovery from Appliances arriving at the Facility no longer containing refrigerant by

utilizing a compliant signed statement or contract, and (c) notify suppliers of requirements for delivering Appliances to its Facilities;

3. Order Defendant to take other appropriate actions to remedy, mitigate, and offset the harm to public health and the environment caused by the violations of the CAA and its implementing regulations alleged herein;

4. Award the United States civil penalties of up to $109,024 per day for each violation occurring after November 2, 2015, and assessed on or after January 12, 2022;

5. Award the United States its costs of this action; and

6. Grant the United States such other relief as this Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated:  April 21, 2022

/s/ David Laufman Weigert
DAVID LAUFMAN WEIGERT, Senior Counsel
STEVEN A. KELLER, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
(202) 514-0133 (DLW)
(202) 514-5465 (SAK)
david.weigert@usdoj.gov
steve.keller@usdoj.gov

RACHAEL S. ROLLINS
United States Attorney
District of Massachusetts

MARY B. MURRANE
Chief, Civil Division
United States Attorney's Office
District of Massachusetts
John Joseph Moakley US Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

OF COUNSEL:

DEBORAH CARLSON
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard (Mail Code: C-14J)
Chicago, IL 60604-3507
carlson.deboraha@epa.gov

## EXHIBIT A

| Name | Street Address | City | State |
|---|---|---|---|
| Attalla | 1007 9th Street SW | Attalla | AL |
| Birmingham | 515 1st Avenue N | Birmingham | AL |
| Dothan | 2101 Columbia Highway | Dothan | AL |
| Fresno | 2727 S Chestnut Avenue | Fresno | CA |
| Oakland | 1101 Embarcadero West | Oakland | CA |
| Sacramento | 12000 Folsom Blvd | Rancho Cordova | CA |
| San Jose | 11665 Berryessa Road | San Jose | CA |
| Albany | 1301 East Gordon Avenue | Albany | GA |
| Atlanta - Adamson St. | 897 Adamson Street SW | Atlanta | GA |
| Atlanta - Blashfield St. | 1450 Blashfield Street SE | Atlanta | GA |
| Cartersville | 301 Industrial Park Road NE | Cartersville | GA |
| Columbus | 420 10th Avenue | Columbus | GA |
| Gainesville | 1535 Fulenwider Road | Gainesville | GA |
| Macon - 7th St. | 1645 7th Street | Macon | GA |
| Macon - Lower Poplar Rd. | 950 Lower Poplar Road | Macon | GA |
| Kapolei (Oahu) | 91-056 Hanua Street | Kapolei | HI |
| Puunene (Maui) | 2000 Mokulele Highway | Puunene | HI |
| Auburn | 522 Washington Street N | Auburn | ME |
| Portland | 568 Riverside Street | Portland | ME |
| Attleboro | 136 Bacon Street | Attleboro | MA |
| Everett | 69 Rover Street | Everett | MA |
| Worcester | 20 Nippnapp Trail | Worcester | MA |
| Billings | 1100 6th Avenue N | Billings | MT |
| Reno | 490 Valley Road | Reno | NV |
| Concord - Sandquist St. | 25 Sandquist Street | Concord | NH |
| Manchester - Allard Dr. | 200 Allard Drive | Manchester | NH |
| Bend | 110 SE 5th Street | Bend | OR |
| Eugene | 111 Highway 99 N | Eugene | OR |
| Portland | 12005 N Burgard Road | Portland | OR |
| White City | 2625 Avenue G | White City | OR |
| Providence | 55 Fields Point Drive | Providence | RI |
| Chattanooga | 100 Workman Road | Chattanooga | TN |
| Pasco | 626 Grain Terminal Road | Burbank | WA |
| Tacoma | 1902 Marine View Drive | Tacoma | WA |
| Woodinville | 23711 63rd Ave SE | Woodinville | WA |
| Bayamon | Road #2 KM 7.7, Corujo Industrial Park, Lot # 22, Hato Tejas Ward | Bayamon | PR |
| Caguas | Road #1 KM 30.0, Interior, Barrio Bairoa | Caguas | PR |
| Canovanas | Road #188, Lot 61A, Canóvanas Industrial Park, San Isidro Ward | Canovanas | PR |
| Ponce | Road PR-123 Final, Playa Ward | Ponce | PR |
| Salinas | Road #3 KM 156.4, Barrio Aguirre, P.O. Box 1153 | Salinas | PR |